# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**NORRIS CLIFTON GREEN (# 30707)**                                                      **PLAINTIFF**

v.                                    **No. 4:06CV211-P-A**

**VERLENA FLAGG, ET AL.**                                                       **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Norris Clifton Green, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff has been classified in "Open C Custody" using the recently adopted Objective Classification System, known within the Mississippi Department of Corrections as the "Points System." Under the Points System, the Mississippi Department of Corrections determines an inmates housing classification using a variety of factors, each of which is assigned a point value. The points for each factor are added together to obtain the inmate's point total, which, in turn, determines that inmate's classification. Lower point totals lead to less restrictive custody classification and are thus desirable. The plaintiff in this case does not challenge the tabulation of his points; instead, he challenges the constitutional validity of the Points System itself. As discussed below, this challenge is without merit and shall be dismissed.

## *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, the plaintiff is being housed in C-custody, as are the majority of inmates at the Mississippi State Penitentiary. C-custody does not "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest;" instead, it falls "within the expected parameters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S.

472, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995). As such, the plaintiff's claim that the Points System violates the Due Process Clause or the Equal Protection Clause of the United States Constitution must fail.

**Double Jeopardy**

The plaintiff also alleges that use of his prior convictions to determine his custody level violates the Fifth Amendment because it puts him twice in jeopardy for the same offense. This argument is without merit. Prisons have a duty to house inmates in such a way to promote safety, order, and discipline. In doing so, prison officials must consider various factors to determine how restrictive custody must be for a given inmate – for his safety, as well as the safety of the staff and other inmates. An obvious and rational factor to consider is the offense that led to that inmate's imprisonment – as well as other offenses he may have committed. For instance, an inmate incarcerated for shoplifting and driving while intoxicated would warrant less restrictive custody than an otherwise similarly situated inmate incarcerated for aggravated assault and armed robbery. An inmate's custody classification does not affect the length of that inmate's sentence – only the level of restriction during that sentence. As such, the plaintiff has not not been put in jeopardy twice for the same offense, and this claim shall be dismissed for failure to state a constitutional claim.

In sum, all of the plaintiff's claims shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 7th day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE